UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED
JUN - 2 2010
CLERK

*******************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 10-30025(02)-RAL |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SEVERANCE |
| WILLIAM CHASING HAWK, | * | |
| Defendant. | * | |

*******************************************************************************

Defendant, William Chasing Hawk (Chasing Hawk), has filed a motion for severance and memorandum in support thereof, seeking a separate jury trial. Docket Nos. 35, 36. The co-defendant, William Elmer Yellow, Jr. (Yellow), has moved separately to sever two of the four counts of the Indictment. Docket Nos. 31, 32. Plaintiff, United States of America (Government), has filed a response to both motions, resisting the same. Docket Nos. 41, 42. After considering Chasing Hawk's motion in light of the records on file and the totality of the circumstances present, the Court concludes that the motion should be denied.

I.

The pertinent facts and procedural history can be briefly stated. On or about March 11, 2010, Yellow is alleged to have assaulted Wilfred Antonio, Jr., with a metal rod and shod feet and to have stabbed and killed Antonio with a knife. Chasing Hawk is charged conjointly with Yellow on the assault charge as a principal and/or an aider and abettor. Yellow is alleged to have stabbed Lester Metcalf and to have assaulted Farrell Chasing Hawk, with a knife, on or about February 20, 2010. Yellow, therefore, stands charged with

second degree murder, assault with intent to commit murder, and two assault with a dangerous weapon offenses. Chasing Hawk, by contrast, is only charged with the March 11, 2010 assault of Antonio. Yellow and Chasing Hawk have both pled not guilty to the charges lodged against them and a jury trial is currently scheduled for August 3, 2010.

II.

In his severance motion, Chasing Hawk claims that he was improperly joined as a co-defendant, with Yellow, in the Indictment, and seeks to have his assault charge severed from the charges Yellow now faces. Chasing Hawk argues that he will be "severely prejudiced" by a joint trial. He points to the "exceptionally heinous acts of Yellow" and the "multiple stab wounds" suffered by the alleged victims, at the hands of Yellow, to support his claim. He also contends that "[t]here is a strong possibility that the jury will be confused, swayed and unable to compartmentalize the evidence of the co-defendants in this case." Docket No. 36 at 1-2.

III.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense . . . ." The court has no discretion to deny severance of defendants who are not properly joined under the Rule because misjoinder is inherently prejudicial. United States v. Bledsoe, 674 F.2d 647, 654 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). The basis for joinder of defendants must appear on the face of the indictment. Id. at 655; United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977), cert. denied, 434 U.S. 1020 (1978).

2

In the instant case, the propriety of joinder seems beyond question. Rule 8(b) requires some "common activity" involving the defendants, but there is no mandate that every defendant be a participant in or be charged with each offense. United States v. Andrade, 788 F.2d 521, 529 (8th Cir.), cert. denied, 479 U.S. 963 (1986); Bledsoe, 674 F.2d at 656.

On this record, the Court rejects Chasing Hawk's claim that joinder is improper under Rule 8(b). Both he and Yellow are alleged to have participated in the very same assault with a dangerous weapon offense that is charged in Count II of the Indictment. Such an allegation fits squarely within the purview of the Rule, and case law interpreting it, and soundly defeats Chasing Hawk's misjoinder claim.

## IV.

Ever vigilant, Chasing Hawk asserts that he will be the victim of damaging spillover evidence, offered by the Government against Yellow, and that the jury will be negatively influenced by this evidence and will use it to convict him of the assault offense. In essence, he claims that the jury will not be able to ferret out the evidence and will find him guilty of assault based on his association with Yellow.

Even if joinder is proper under Rule 8(b), a court may nonetheless grant severance of the defendants' trials if the joinder "appears to prejudice a defendant . . . ." Fed. R. Crim. P. 14(a). To warrant severance, a defendant must show "real prejudice" to an individual defendant. United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010) (quoting United States v. Bostick, 713 F.2d 401, 403 (8th Cir. 1983)). The prejudice must be "real" and "clear." Id. The moving defendant must establish that there is "some appreciable chance" that he will not be convicted if he is granted a separate trial. Id. In doing so, the defendant

3

must show something more than the mere fact that his chances for acquittal are better if he is tried separately. He must affirmatively demonstrate that a joint trial will prejudice his right to a fair trial. Id.

Chasing Hawk's claims of prejudice are exaggerated. Persons charged as aiders and abettors or jointly indicted on similar evidence from the same or related events should be tried together even if each defendant did not participate in or was not charged with each offense. United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002); United States v. Brim, 630 F.2d. 1307, 1309-10 (8th Cir. 1980), cert. denied, 452 U.S. 966 (1981); see also United States v. Bordeaux, 84 F.3d 1544, 1547-48 (8th Cir. 1996) (severance denied where the defendant was charged both as a principal and as an aider and abettor under 18 U.S.C. §2). Severance is not required merely because evidence that is admissible only against one defendant may be damaging to another. United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004); United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996). And, any evidentiary concerns, such as the admission of a co-defendant's prior misconduct or confession, can be appropriately addressed through motions in limine and/or carefully crafted jury instructions. See United States v. Boone, 437 F.3d 829, 837-38 (8th Cir.), cert. denied, 549 U.S. 870 (2006); United States v. Ghant, 339 F.3d 660, 666 (8th Cir. 2003), cert. denied, 540 U.S. 1167 (2004); United States v. Robinson, 774 F.2d 261, 265-67 (8th Cir. 1985).

This is not a complex case or one in which the jury is likely to be confused and incapable of properly "compartmentalizing" the evidence. Bordeaux, 84 F.3d at 1547; Blum, 65 F.3d at 1444; United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989). Indeed, the case

involves two defendants, two incidents within 19 days of each other, three alleged victims, a total of four charges and no difficult or convoluted issues. Ghant, 339 F.3d at 666; Bordeaux, 84 F.3d at 1547; Blum, 65 F.3d at 1444; United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990). In any event, Chasing Hawk's claim of potential prejudice – based on him being a "minor player" and, as such, being more susceptible to the "spillover taint" of the three charges which do not pertain to him – is speculative at best and not enough to warrant a second trial. United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996), cert. denied, 520 U.S. 1110 (1997); United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995), cert. denied, 516 U.S. 1137 (1996).

The Court finds and concludes that Chasing Hawk has failed to carry his "heavy burden" of demonstrating that severance is necessary because he cannot otherwise obtain a fair trial. United States v. Flores, 362 F.3d 1030, 1040-42 (8th Cir. 2004). He cites no overriding reasons or unique circumstances in his moving papers to warrant the granting of a separate trial. Nor has he demonstrated that a joint trial will likely compromise any of his rights, result in actual prejudice to him or have a substantial and injurious effect or influence on the jury. See Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Lane, 474 U.S. 438, 449 (1986); United States v. Ortiz, 315 F.3d 873, 897-900 (8th Cir. 2002), cert. denied, 540 U.S. 1073 (2003). This being the case, Chasing Hawk's motion to sever his trial from that of Yellow must accordingly be denied.

V.

Based on the foregoing discussion and the record as it now exists before the Court, it is hereby

ORDERED that Chasing Hawk's Motion to Sever, found at Docket No. 35, shall be and the same is hereby denied, without prejudice.

Dated this 2nd day of June, 2010, at Pierre, South Dakota.

BY THE COURT:

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:** _____
/Deputy
**(SEAL)**